UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ERICA PERRY** *et al.*                                                                                              **PLAINTIFFS**

**v.**                                                                          **CIVIL ACTION NO. 3:15CV-636-JHM**

**BROADWAY MANAGEMENT**                                                                            **DEFENDANT**

### MEMORANDUM OPINION

On review of the *pro se* complaint form, the Court found several problems with the filing of this action. Therefore, by Order entered September 2, 2015 (DN 5), the Court directed as follows: (1) those persons who wish to be plaintiffs must sign the third page of the complaint form and provide their addresses;[1] (2) plaintiff(s) must fill out the "Prayers for Relief" section of the complaint form; (3) Erica Perry must list her expenses on her application, clarify whether she is represented, and must explain how she was or is financially able to pay $10,000 in legal fees given her monthly income of $750; (4) any other persons who wish to be plaintiffs must fill out an application to proceed without prepayment of fees; and (5) Erica Perry must advise if her sons are adults or minors, and if they are minors (or anyone else mentioned in the complaint is a minor), she must file a redacted copy of the complaint using only the initials of minors. The Court warned Erica Perry, Dyangeilo Perry, and any other persons who want to be a plaintiff that failure to comply with the Order within 30 days would result in dismissal of those persons who fail to comply and/or dismissal of the entire action for failure to prosecute and for failure to comply with an Order of this Court. Well over 30 days have passed, and a review of the docket sheet reveals that there has been no compliance with the Court's prior Order.

---

[1] Two plaintiffs are listed in the caption – Erica Perry and her husband Dyangeilo Perry. In the plaintiffs' section of the form, four plaintiffs are listed – Erica and her husband and two of her sons. Only Erica Perry provided an address.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because no one complied with any part of the Court's prior Order, the Court concludes that Erica Perry, Dyangeilo Perry, and Erica's two sons have abandoned any interest in prosecuting this action. A separate Order of dismissal will be entered.

Date: November 12, 2015

                                            **Joseph H. McKinley, Jr., Chief Judge**
                                            **United States District Court**

cc:       Erica Perry, *pro se*
4414.005